Tina Lynn Duresky
11828 W. Roanoke Ave
Avondale, AZ 85323
602-688-7348
rmd202@aol.com
*Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tina Lynn Duresky, | Case No. CV-21-876-PHX-JJT |
| Plaintiff, | |
| v. | **COMPLAINT AND JURY TRIAL DEMAND** |
| Retail Grocery Inventory Services Worldwide, LLC dba RGIS, LLC, | |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Tina Duresky ("Ms. Duresky") who was adversely affected by such practices. Ms. Duresky has been profoundly deaf (hearing impaired) since birth.

Despite this disability, Ms. Duresky seeks to be a productive member of society, which includes working. As alleged with greater particularity below, Ms. Duresky alleges Defendant Retail Grocery Inventory Services Worldwide, LLC dba RGIS, LLC ("Defendant" or "RGIS") discriminated against Ms. Duresky, a disabled female, because of her disability (hearing impairment) by failing to provide reasonable accommodations during pre-employment interview, employment orientation and employment on-site training, and thereby failing to educate and mentor Ms. Duresky and discriminating

against Ms. Duresky, based on her disability, after the hiring process in violation of the Americans with Disabilities Act.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, and 1331.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United State District Court for the district of Arizona.

## PARTIES

3. Upon information and belief, Plaintiff, Ms. Duresky, is the sole deaf employee at the Arizona location of RGIS.

4. At all relevant times, Defendant RGIS has continuously been incorporated in Florida and doing business in the State of Arizona.

5. At all relevant times, RGIS has continuously had at least fifteen (15) employees.

6. At all relevant times, Defendant RGIS has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. Ms. Duresky filed a charge with the Equal Employment Opportunity Commission (EEOC), Phoenix office, alleging violations of Title I of the ADA by RGIS, dated May 25, 2017. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Ms. Duresky is profoundly deaf (hearing impaired) and is substantially limited in one or more major life activities, including but not limited to the major life activity of hearing. Ms. Duresky is a person with a proven disability as defined by the ADA.

9. On August 1, 2016, Ms. Duresky applied for an RGIS Inventory specialist position by online application.

10. Since at least 2016, Defendant RGIS, has required that job applicants for Inventory Specialist, including Ms. Duresky, complete the pre-employment orientation and 12 hours of training.

11. Ms. Duresky was hired on September 2016 and attended the orientation.

12. During the orientation, RGIS refused to provide an ASL interpreter, or any other reasonable accommodation that would allow Ms. Duresky to understand the training.

13. Though one was requested, RGIS never provided a certified or licensed ASL interpreter to assist Ms. Duresky with her orientation.

14. RGIS provided Ms. Duresky with no training in ASL between September 2016 to December 2016.

15. RGIS gave Ms. Duresky shifts between September 2016 to December 2016.

16. Ms. Duresky asked for additional training in January of 2017, to be conducted with a licensed, certified interpreter. RGIS, agreed to training but failed to obtain an interpreter and used an unqualified RGIS employee from the Phoenix Facility to assist in the training.

17. Ms. Duresky was capable of performing the essential functions of the inventory specialist position with a reasonable accommodation (training in ASL).

18. Since at least September 2016, Defendant RGIS, failed to provide a certified and licensed interpreter (reasonable accommodation) for the interview, pre-employment orientation and job on-site training.

19. Rather than engage in the interactive process, RGIS mailed Ms. Duresky a letter noting that it accepted her resignation.

20. Ms. Duresky did not and has not resigned from RGIS. Rather, she was terminated.

21. Ms. Duresky was terminated as a result of her alleged underperformance, which was the direct result of RGIS' failure to accommodate Ms. Duresky.

22. The ADA prohibits employers from discriminating against individuals "in regard to ... job training." 42 U.S.C. § 12112(a). Since at least September 2016, Defendant RGIS, has engaged in unlawful employment practices at its company, an Arizona facility, in violation of Section 102 of Title I of the ADA, 42 U.S.C. §§ 12112(a) and 12112(b)(5). These unlawful employment practices include but are not limited to the following:

   A. Failure to reasonably to provide a reasonable accommodation during onboarding, including a certified and licensed ASL interpreter for the employment interview, pre-employment orientation and 12 hours of job training.

   B. Taking adverse employment actions against Ms. Duresky as a result of underperformance (with knowledge that such underperformance was solely and proximately caused by Defendant's failure to accommodate Ms. Duresky), including scheduling Ms. Duresky for fewer shifts than her non-deaf coworkers.

   C. Terminating Ms. Duresky as a result of underperformance (with knowledge that such underperformance was solely and proximately caused by Defendant's failure to accommodate Ms. Duresky).

23. The effect of the policies and practices complained of in paragraph 18 (A)-(C) above has been to deprive Ms. Duresky of equal employment opportunities and otherwise preventing or adversely affecting her ability to be successful, because of her disability.

24. The unlawful employment practices complained of in paragraph 18 (A)-(C) above were and are intentional.

25. The unlawful employment practices complained of in paragraph 18 (A)-(C) above were and are done with malice or with reckless indifference to the federally protected rights of Ms. Duresky, as an individual.

## **PRAYER FOR RELIEF**

Wherefore, Ms. Duresky respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant RGIS, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in disability discrimination and any other employment practice which discriminates on the basis of disability.

B. Order Defendant RGIS to institute, modify, and carry out the ADA law, policies, practices, reasonable accommodation, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant RGIS to make whole Ms. Duresky by providing appropriate backpay (with no work schedule) with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place instatement of Ms. Duresky, in the alternative, frontpay.

D. Order Defendant RGIS to make whole Ms. Duresky by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the paragraphs above.

E. Order Defendant RGIS to make whole Ms. Duresky by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in the paragraphs above, including emotional pain, suffering, inconvenience, confusion, frustration, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant RGIS to pay Ms. Duresky punitive damages for its malicious and reckless conduct, as described in the paragraphs above, in amounts to be determined at trial.

G. Grant such further relief as this Court deems necessary and proper in the public interest.

H. Award Ms. Duresky her costs incurred in this action.

### JURY TRIAL DEMAND

Mr. Duresky requests a jury trial on all questions of fact raised by its complaint. Respectfully submitted this 18th day of May 2021.

Tina Lynn Duresky

/s/ *Tina Lynn Duresky*
11828 W. Roanoke Ave
Avondale, AZ 85323
602-688-7348
rmd202@aol.com
*Plaintiff*